**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROLANDO LOPEZ SALAS,<br><br>                 Petitioner,<br><br>              v.<br><br>LUIS SOTO, *et al.*,<br><br>               Respondents. | Civil Action No. 25-17339 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Petitioner's motion to enforce (ECF No. 25) the Court's order granting him a bond hearing. (ECF No. 16.) By way of background, Petitioner argued in his petition that he was improperly being held pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1.) The Court agreed, and on February 21, 2026, ordered that the Government provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF Nos. 15-16.) After the resolution of some scheduling conflicts, that bond hearing was ultimately held on March 12, 2026. (*See* ECF No. 23.) Following the hearing, the immigration judge denied Petitioner release on bond, finding that Petitioner had "not met his burden of establishing that he is not a flight risk." (ECF No. 25-6.)

Petitioner thereafter filed the current motion. (ECF No. 25.) In the motion, Petitioner argues that his bond hearing did not comport with Due Process because he believes the immigration judge did not properly weigh the evidence presented by Petitioner and did not adequately consider alternatives to detention in denying Petitioner's request for bond. (*Id.*) Petitioner also argues that even if his bond hearing was proper, his detention has now become unduly prolonged, and he should therefore be released from detention during the pendency of the appeal of the removal order. (*Id.*)

Petitioner argues that his bond hearing was fundamentally unfair. Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but they must be accorded a bond hearing at which petitioners bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, the Court may only review bond hearings under the statute for fundamental fairness. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . . interests." *Id.*

The Court, having reviewed the transcript of Petitioner's bond hearing (ECF No. 25-5), finds that Petitioner received a fundamentally fair bond hearing. As the transcript indicates, Petitioner received a bond hearing at which he was permitted to present evidence. In addition, the evidence of record was clearly available and disclosed to Petitioner, and Petitioner had the opportunity to make arguments on his own behalf. Here, the immigration judge clearly considered the record and the arguments. The immigration judge found that although Petitioner was not a danger to the community, Petitioner failed to show that he was not a flight risk in light of his removal order and lack of a clear support structure. (*Id.* at 7-8.) The immigration judge also noted the lack of evidence that Petitioner's proposed sponsor, whose own immigration status is at best

2

unclear, could adequately support Petitioner or ensure his compliance with future proceedings. (*Id.* at 8-9.) The record thus shows that the immigration judge considered and weighed the evidence and made an individualized determination of Petitioner's interests. Petitioner thus received all that Due Process requires. Petitioner's disagreement with the outcome of his bond hearing does not entitle him to further relief. *Ghanem*, 2022 WL 574624, at *2.

In his final argument, Petitioner asserts that, notwithstanding his failure to show an entitlement to release on bond at his bond hearing, he should in any event be granted release because his detention has become unduly prolonged given his detention since September 23, 2025. In *Borbot*, the Third Circuit left open the possibility that an alien who receives a bond hearing under § 1226(a) may eventually be able to claim that his detention without bond had become so unduly prolonged as to violate Due Process notwithstanding the opportunity to seek bond redeterminations under the statute. *See Borbot*, 906 F.3d at 280. The Third Circuit, however, found that even the over two years of detention the petitioner in that case had endured was not, in and of itself, sufficient to show that detention had become unduly prolonged sufficient to warrant relief. *Id.* Petitioner's current period of detention falls far short of the two years of detention at issue in *Borbot*, which the Court of Appeals found insufficient to warrant further relief based on prolonged detention. Petitioner is thus not entitled to relief on that basis here. *Id.* Petitioner's motion to enforce judgment (ECF No. 25) shall therefore be denied.

**IT IS THEREFORE** on this 3rd day of ~~July~~ August, 2026, **ORDERED** that:

1. The Clerk of the Court shall reopen this matter for the purposes of this Order only;

2. Petitioner's motion to enforce this Court's judgment (ECF No. 25) is **DENIED**; and

3.  The Clerk of the Court shall serve a copy of this Order upon the parties electronically and shall **CLOSE** the file.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4